**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
_(State)_

Case number _(if known)_: _____    Chapter **11**

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **iQor Holdings Inc.** |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and _doing business as_ names

**N/A**

**3. Debtor's federal Employer Identification Number (EIN)**

**26-1656645**

**4. Debtor's address**

**Principal place of business**

**200 Central Avenue, 7th Floor**
Number          Street

**St. Petersburg**          **FL**          **33701**
City                         State      Zip Code

**Pinellas County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                         State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                         State      Zip Code

**5. Debtor's website (URL)**          **www.iQor.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | iQor Holdings Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5511 - Management of Companies and Enterprises**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

| Debtor | iQor Holdings Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **Southern District of Texas** | When | **09/10/2020** |
| | | | | MM / DD / YYYY |
| | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | Number | Street | | |
|---|---|---|---|---|
| | City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☒ 10,001-25,000        ☐ More than 100,000
☐ 200-999

Debtor ___iQor Holdings Inc._____   Case number (if known) _____
       Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    ___09/10/2020___
                  MM/ DD / YYYY

✗    _/s/ David A. Kaminsky_____      David A. Kaminsky
      Signature of authorized representative of debtor     Printed name

      Title   __Chief Financial Officer_____

**18. Signature of attorney**

✗    _/s/ Matthew D. Cavenaugh_____    Date    ___09/10/2020___
      Signature of attorney for debtor                       MM/ DD/YYYY

      __Matthew D. Cavenaugh_____
      Printed name

      __Jackson Walker L.L.P._____
      Firm name

      __1401 McKinney Street, Suite 1900_____
      Number            Street

      __Houston_____       **Texas**      **77010**
      City                            State        ZIP Code

      __(713) 752-4200_____      __mcavenaugh@jw.com_____
      Contact phone                          Email address

      __24062656_____      **Texas**
      Bar number                        State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the :<br><br>      <strong>Southern District of Texas</strong><br>                (State)</td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter   <u>11</u></td></tr>
</table>

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

      On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of iQor Holdings Inc.

| |
|---|
| iQor Holdings Inc. |
| Allied Interstate LLC |
| Collectech Systems LLC |
| Cyber City Teleservices Marketing, Inc. |
| First Contact LLC |
| Interactive Response Technologies, LLC |
| iQor Global Services, LLC |
| iQor Holdings US LLC |
| iQor I LLC |
| iQor MPC LLC |
| iQor of Texas, LP |
| iQor Seller Services LLC |
| iQor Technologies Inc. |
| iQor Texas Holdings, LLC |
| iQor US Inc. |
| Receivable Management Services - Recovery Division, LLC |
| Receivable Management Services International, LLC |
| RMS Canada Holding Corp. |
| TechFive, LLC |
| Telmar Allied, LLC |
| Telmar Holdings I, Inc. |
| THC Holdings, Inc. |
| The Receivable Management Services LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| IQOR HOLDINGS INC. | Case No. 20-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | Jabil Inc. | 10560 Dr. ML King Jr. Street North St. Petersburg, FL 33716 | Series SS Preferred Stock | 100% |
| iQor Holdings Inc. | iQor Sponsor Holdings, LLC | 200 Central Avenue, 7th Floor St. Petersburg, FL 33701 | Series A Preferred Stock | 56.3% |
| iQor Holdings Inc. | Bach II Tech, L.P. | TRG Management LP 65 East 55th Street, 15th Floor New York, NY 10022 | Series A Preferred Stock | 23.6% |
| iQor Holdings Inc. | Bach II Tech II, L.P. | TRG Management LP 65 East 55th Street, 15th Floor New York, NY 10022 | Series A Preferred Stock | 15.2% |
| iQor Holdings Inc. | Antares Capital 4 LP | 280 Park Avenue New York, New York 10017 | Series A Preferred Stock | 1.5% |
| iQor Holdings Inc. | Hartmut Liebel | | Series A Preferred Stock | 1.2% |
| iQor Holdings Inc. | Scott Greer | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Bryan Maguire | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Deepak Batheja | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Autumn Braswell | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | John McDermott | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Erik Carlson | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Matt Dubrule | | Series A Preferred Stock | <1% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | Paul Bainbridge | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Peter Sykora | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Kip Ferris | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Mason Argiropoulos | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Mitch Lewis | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | David Lago | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Mick Kirby | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Tom inhetVeld | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | Bruce Braswell | | Series A Preferred Stock | <1% |
| iQor Holdings Inc. | iQor Sponsor Holdings, LLC | 200 Central Avenue, 7th Floor St. Petersburg, FL 33701 | Class A Common Stock | 55.9% |
| iQor Holdings Inc. | Bach II Tech, L.P. | TRG Management LP 65 East 55th Street, 15th Floor New York, NY 10022 | Class A Common Stock | 21.7% |
| iQor Holdings Inc. | Bach II Tech II, L.P. | TRG Management LP 65 East 55th Street, 15th Floor New York, NY 10022 | Class A Common Stock | 15.8% |
| iQor Holdings Inc. | Norman Merritt | | Class A Common Stock | 1.4% |
| iQor Holdings Inc. | Randy Christofferson | | Class A Common Stock | 1.2% |
| iQor Holdings Inc. | Rakesh Kumar | | Class A Common Stock | 1.0% |
| iQor Holdings Inc. | Christopher Dorval | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Scott Sonkin | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Hartmut Liebel | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Barry Grant | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Gregory Harmer | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Gary Praznik | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Jim Robinson | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Joseph Perillo | | Class A Common Stock | <1% |

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | James Hobson | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Mason Argiropoulos | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Sumit Malholtra | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Tanvir Suri | | Class A Common Stock | <1% |
| iQor Holdings Inc. | John Ricketts | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Jeffrey Swedberg | | Class A Common Stock | <1% |
| iQor Holdings Inc. | Hartmut Liebel | | Class B Common Stock | 39.7% |
| iQor Holdings Inc. | Norman Merritt | | Class B Common Stock | 10.5% |
| iQor Holdings Inc. | David Kaminsky | | Class B Common Stock | 6.3% |
| iQor Holdings Inc. | Richard Eychner | | Class B Common Stock | 3.6% |
| iQor Holdings Inc. | David Pester | | Class B Common Stock | 2.9% |
| iQor Holdings Inc. | Mason Argiropoulos | | Class B Common Stock | 2.4% |
| iQor Holdings Inc. | Joseph Perillo | | Class B Common Stock | 2.2% |
| iQor Holdings Inc. | Margaret Cowherd | | Class B Common Stock | 2.2% |
| iQor Holdings Inc. | Gary Praznik | | Class B Common Stock | 2.2% |
| iQor Holdings Inc. | David Mahoney | | Class B Common Stock | 1.3% |
| iQor Holdings Inc. | Martin Lehtio | | Class B Common Stock | 1.3% |
| iQor Holdings Inc. | Autumn Braswell | | Class B Common Stock | 1.2% |
| iQor Holdings Inc. | Jeffrey Swedberg | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Tone Holmen | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Mark Underhill | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Tom inhetVeld | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Randy Christofferson | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Gregory Harmer | | Class B Common Stock | <1% |

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | John Birk | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Scott Greer | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Daniel Montenaro | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Bryan Maguire | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Gary Cole | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Runa Rosenfield | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Bryce Engelbrecht | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Erik Carlson | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Peter Sykora | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Spencer Jensen | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Dustin Fleming | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Brent Pattison | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Sergey Kolosovskiy | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Gregory Hanlon | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Richard Temple | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Rod Hoddinott | | Class B Common Stock | <1% |
| iQor Holdings Inc. | James McClenahan | | Class B Common Stock | <1% |
| iQor Holdings Inc. | James Rodriguez | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Ankush Khosla | | Class B Common Stock | <1% |
| iQor Holdings Inc. | James Vogt | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Grant Newmyer | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Tanvir Suri | | Class B Common Stock | <1% |

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | Saurabh Bhaskar | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Prabhjot Singh | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Tarn Shant | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Charlie Clennan | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Brendan Lee | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Connie Long | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Joe Przybylowski | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Robert Bernstein | | Class B Common Stock | <1% |
| iQor Holdings Inc. | John McDermott | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Gareth McCaw | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Curtis Ideker | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Dawn McCarroll | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Ralph Leimann | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Beth Lamothe | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Frank Sabatelli | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Matt Dubrule | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Paul Bainbridge | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Mick Kirby | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Bruce Braswell | | Class B Common Stock | <1% |
| iQor Holdings Inc. | David Lago | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Sanjay Vidyarthi | | Class B Common Stock | <1% |

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| iQor Holdings Inc. | Chris Hall | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Cathal O'Connell | | Class B Common Stock | <1% |
| iQor Holdings Inc. | Senthil Odayappan | | Class B Common Stock | <1% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IQOR HOLDINGS INC. | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Class of Equity Interest |
|---|---|
| Jabil Inc. | Series SS Preferred Stock |
| Starr International Cayman, Inc. | Series A Preferred Stock<br>Class A Common Stock |
| iQor Sponsor Holdings, LLC | Class A Common Stock |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name ___iQor Holdings Inc., *et al.*___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
                                                                                    (State)
Case number *(If known):* _____

☐  Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                           12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | IVY TECHNOLOGY GLOBAL SERVICES, LLC | Ivy Technology Master Holdings, LLC c/o Staple Street Capital 1290 Avenue of the Americas, 10th Floor New York, New York 10104 Attn: Hootan Yaghoobzadeh hootan@staplestreetcapital.com | Indemnification | Contingent Unliquidated Disputed | | | $7,124,682 |
| 2 | CALIFORNIA DISTRICT ATTORNEYS | Hoon Chun, 211 W. Temple Street, 10th Floor, Los Angeles, CA 90012 hchun@da.lacounty.gov | Litigation | | | | $4,028,364 |
| 3 | DELOITTE CONSULTING LLP | 2200 Ross Ave, Ste 1600 Dallas, TX 75201 deloittepayments@deloitte.com; Kritee.Sachdeva@iqor.com | Professional Services | Disputed | | | $1,053,141 |
| 4 | AT&T | 225 W Randolph St Chicago, IL 60606 CSSControl@rdsmail.ims.att.com | Trade | | | | $964,415 |
| 5 | NICE SYSTEMS INC | P.O. Box 7247-7301 Philadelphia, PA 19170-7301 Customer.orders@nice.com; navit.bitton@nice.com | Trade | | | | $907,200 |

Debtor    iQor Holdings Inc., *et al.*           Case Number (if known) _____
<br>         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | ORACLE AMERICA INC | 500 Oracle Pkwy<br>Rewood Shores, CA 94065<br>maribel.hernandez@oracle.com | Trade | | | | $901,351 |
| 7 | REDACTED | | Deferred Compensation | | | | $794,924 |
| 8 | EPE USA | 17654 Newhope St, Ste A<br>Fountain Valley, CA 92708<br>jlopez@epeusa.com;<br>cortiz@epeusa.com | Trade | | | | $728,636 |
| 9 | BENNETT PACKAGING OF KANSAS CITY INC | P.O. Box 411145<br>Kansas City, MO 64141-1145<br>ar@bpkc.com | Trade | | | | $672,716 |
| 10 | CDW DIRECT LLC | P.O. Box 75723<br>Chicago, IL 60675-5723<br>briawin@cdw.com | Trade | | | | $582,070 |
| 11 | LIVEVOX INC | P.O. Box 775337<br>Chicago, IL 60677-5337<br>madler@livevox.com | Trade | | | | $580,200 |
| 12 | MICROSOFT LICENSING GP | 1950 N Stemmons Fwy, Ste 5010<br>Dallas, TX 75207<br>janet.cooper@microsoft.com | Trade | | | | $531,683 |
| 13 | CABLE TECHNOLOGIES INTERNATIONAL, INC. | 720 Johnsville Blvd.,Suite 925<br>Warminster, PA, 18974<br>pcardelljr@cabletechnologies.com;<br>abirch@cabletechnologies.com | Trade | | | | $508,550 |
| 14 | REDACTED | | Deferred Compensation | | | | $460,397 |
| 15 | BAIN AND COMPANY INC | 131 Dartmouth St<br>Boston, MA 02116<br>Borjana.Pesikan@bain.com | Professional Services | Disputed | | | $459,000 |

Debtor    iQor Holdings Inc., *et al.*             Case Number (if known) _____
             Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | AMAZON WEB SRVCS INC | 410 Terry Ave N Seattle, WA 98109 aws-receivables-support@email.amazon.com | Trade | | | | $359,739 |
| 17 | EAGLE BUSINESS SOLUTIONS, LLC | 111 2nd Ave Ne, Ste 1006 St Petersburg, FL 33701 accounting@eagledatagistics.com; baffonso@eagledatagistics.com | Trade | | | | $312,500 |
| 18 | SUCCESSFACTORS | 1 Tower Pl, Ste 1100 South San Francisco, CA 94080 successfactors@acctrec.com | Trade | | | | $302,885 |
| 19 | MERIDIAN IT INC | P.O. Box 33950 Chicago, IL 60694-3950 bweigel@meridianleasing.net; mike.stisser@meridianitinc.com | Trade | | | | $256,183 |
| 20 | REDACTED | | Deferred Compensation | | | | $240,435 |
| 21 | COMMUNICATION TEST DESIGN INC | 1373 Enterprise Drive West Chester, PA 19380 Shartshone@ctdi.com sdenno@ctdi.com | Trade | | | | $240,388 |
| 22 | PrideStaff, Inc. | P.O. Box 205287 Dallas, TX 75320-5287 jbergstrom@pridestaff.com | Trade | | | | $209,347 |
| 23 | Computer Design and Integration | 696 Rt 46 West Teterboro, NJ 07608 Rich.Falcone@CDILLC.com; Brad.Curtis@CDILLC.com; Tim.Watrous@CDILLC.com | Trade | | | | $161,797 |
| 24 | REDACTED | | Deferred Compensation | | | | $151,136 |

Debtor    iQor Holdings Inc., *et al.*                    Case Number (if known) _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25   Qwest Communications Company LLC | 1801 California St 1220 Denver, CO 80202-2658 cashops@centurylink.com; Jerrilynn.Ward@qwest.com | Trade | | | | $150,068 |
| 26   REDACTED | | Deferred Compensation | | | | $147,350 |
| 27   Zhuhai Senyang Packing Technology Co,Ltd | 2nd Baiteng Rd, Doumen District, Zhuhai, 190 519000 China Jessie.huang@senyangpacking.com; kevin.du@senyangpacking.com | | | | | $138,607 |
| 28   REDACTED | | Deferred Compensation | | | | $134,773 |
| 29   Indeed Inc | Mail Code 5160 P.O. Box 660367 Dallas, TX 75266-0367 Billing@indeed.com; Tomas@indeed.com | Trade | | | | $130,055 |
| 30   REDACTED | | Deferred Compensation | | | | $127,952 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | iQor Holdings Inc. |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended *Schedule*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **09/10/2020** | ☒ /s/ **David A. Kaminsky** |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **David A. Kaminsky** |
| | | Printed name |
| | | **Chief Financial Officer** |
| | | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS, GENERAL PARTNER, MANAGING MEMBER, MANAGER OR SOLE MEMBER**

**Dated as of September 9, 2020**

After due deliberation, the undersigned, being all of the members of the board of directors, general partner, managing member, manager or the sole member, as applicable (each, a "Governing Body"), of each of the companies listed on Schedules 1 through 12 attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (the "Resolutions") by written consent as of the date first written above, pursuant to the bylaws, limited partnership agreements or the limited liability company agreements of each Company as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

**RESOLUTIONS**

**Appointment of Officers**

WHEREAS, each Governing Body deems it advisable and in the best interest of each respective Company that the following individuals be, and hereby are, elected as officers of each Company to serve in their capacity as such, until their successors are duly elected and qualified or until their earlier resignation or removal:

Gary Praznik

David Kaminsky

Runa Rosenfield

NOW, THEREFORE, BE IT,

RESOLVED, that Gary Praznik, David Kaminsky, and Runa Rosenfield be, and here by are, elected as officers of each Company to serve in their capacity as such, respectively, until their successors are duly elected and qualified or until their earlier resignation or removal; and

RESOLVED, that the Chief Executive Officer, the Chief Investment Officer, the Chief Operating Officer, the General Counsel, President, any Vice President, or any other duly appointed officer of each respective Company be, and hereby is, authorized and empowered to take all such further action, to execute and deliver the agreements, instruments and documents authorized in the

foregoing Resolution and all such further agreements, instruments and documents relating thereto in the name and on behalf of each respective Company, and under their company seal or corporate seal or otherwise, and to pay all such fees and expenses, which shall in their judgment be necessary, proper or advisable.

**Chapter 11 Filing**

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to each respective Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each respective Company (including a consideration of its creditors and other parties in interest) that each respective Company identified as a Debtor on Annex A attached hereto (collectively, the "Debtors") shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the Chief Executive Officer, the Chief Investment Officer, the Chief Operating Officer, President, any Vice President, or any other duly appointed officer of each respective Company (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby are, with power of delegation, authorized, empowered and directed to execute and file on behalf of each respective Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each respective Company's business.

**Retention of Professionals**

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of the Companies regarding the retention of such financial and legal advisors by each respective Debtor.

NOW, THEREFORE, BE IT,

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Debtor in carrying out its

duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm Evercore Group L.L.C. ("Evercore") as financial advisor and investment banker to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm FTI Consulting Inc. ("FTI Consulting"), as restructuring advisor, to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Debtor's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI Consulting.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Omni Agent Solutions ("Omni Consulting") as notice and claims agent to assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni Consulting.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals to assist each respective Debtor in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with each respective Debtor's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor in Possession Financing, and Adequate Protection**

WHEREAS, reference is made to that certain Super-Priority Term Loan Credit Agreement, dated as of May 29, 2020, by and among iQor US Inc., a Delaware corporation (the "Borrower"), iQor Holdings Inc. ("Holdings"), the guarantors named therein, the several lenders from time to time party thereto, and Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent to Credit Suisse AG, Cayman Islands Branch (the "Priority Term Loan Credit Agreement");

WHEREAS, reference is made to that certain First Lien Credit Agreement, dated as of April 1, 2014, by and among Borrower, Holdings, the guarantors named therein, the several lenders from time to time party thereto, and Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent to Credit Suisse AG, Cayman Islands Branch (the "First Lien Term Loan Credit Agreement");

WHEREAS, reference is made to that certain Second Lien Credit Agreement, dated as of April 1, 2014, by and among Borrower, Holdings, the guarantors named therein, the several lenders from time to time party thereto, and Alter Domus (US) LLC, as successor administrative and collateral agent to Credit Suisse AG, Cayman Islands Branch (the "Second Lien Term Loan Credit Agreement"); and

WHEREAS, reference is made to that certain (i) Senior Secured Super-Priority Debtor-In-Possession Term Loan Credit Agreement dated as of, or about, the date hereof (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Term Loan Credit Agreement") by and among the Borrower, Holdings, the several lenders party thereto from time to time and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (in such capacities, the "DIP Term Agent") and (ii) Superpriority, Priming, and Secured Debtor-In-Possession ABL Credit Agreement dated as of, or about, the date hereof (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP ABL Credit Agreement" and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements") by and among Holdings, the Borrower, the lenders identified on the signature pages thereto and Wells Fargo Bank, National Association, as agent (in such capacity, the "DIP ABL Agent"; together with the DIP Term Agent, the "DIP Agents").

NOW, THEREFORE, BE IT,

RESOLVED, that each Company identified as a Debtor on Annex A attached hereto shall be party to the DIP Credit Agreements (collectively, the "DIP Loan Parties") and will obtain

benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Secured Lenders") under the Priority Term Loan Credit Agreement, the First Lien Term Loan Credit Agreement, and the Second Lien Term Loan Credit Agreement, and (b) the incurrence of debtor in possession financing obligations pursuant to the DIP Credit Agreements (the "DIP Financing").

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each DIP Loan Party will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and the lenders that are party to each of the DIP Credit Agreements (the "DIP Obligations") as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order, the DIP Credit Agreements, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the Authorized Signatory of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreements and all other DIP Documents (as defined below) to which each Company is a party, including the DIP Intercreditor Agreement (as defined in each of the DIP Credit Agreements), (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each DIP Loan Party as collateral (including pledges of equity and personal property as collateral) under the DIP Documents, (iii) the grant of security interests in, pledges of, and liens by each Company under the DIP Documents on assets that were previously pledged to support the DIP Credit Agreements and (iv) the borrowing of loans to be made under the DIP Documents and the guaranty of obligations by each DIP Loan Party under the DIP Documents, from which each DIP Loan Party will derive value, in each case, be and hereby are, authorized, adopted, and approved, and any Authorized Signatory or other officer of each respective Company is hereby authorized, empowered, and directed, in the name of and on behalf of each respective Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreements substantially in the form provided to each Governing Body, the Loan Documents (as defined in each of the DIP Credit Agreements), Bank Product Agreements (as defined in the DIP ABL Credit Agreement), and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each respective Company is or will be a party or any order entered into in connection with the Chapter 11 Case (collectively with the DIP Order

and the DIP Credit Agreements, the "DIP Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof.

RESOLVED, that each DIP Loan Party, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations and the obligations of each DIP Loan Party related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company, as debtors and debtors in possession in the case of the DIP Loan Parties, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, premium letters, fee letters and other documents as may be reasonably requested by any DIP Agent or the Required Lenders (as defined in each DIP Credit Agreement); and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to file or to authorize the DIP Agents or any other designee to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each respective Company that any DIP Agent or the Required Lenders (as defined in each DIP Credit Agreement) deem necessary or appropriate to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each respective Company and such other filings in respect of intellectual and other property of each respective Company, in each case as any DIP Agent or the Required Lenders (as defined in each DIP Credit Agreement) may reasonably request to perfect the security interests of such DIP Agent and of the lenders and secured parties under each DIP Credit Agreement under the DIP Order or any of the other DIP Documents.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each respective Company in connection with the foregoing Resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each respective Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing Resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each Authorized Signatory (and such Authorized Signatory's designees and delegates) be, and hereby is, individually authorized and empowered, in the name of and on behalf of each respective Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each respective Company, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of each respective Governing Body.

\* \* \*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on
<u>Schedule 1</u>

_____
Gary Crittenden

_____
Gary Praznik

_____
Gregory Benson

_____
Neil White

_____
Thomas Kucera

_____
Vladimir Krin

_____
Jordan Lee

_____
Jill Frizzley

_____
Ivona Smith

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on Schedule 1

_____
Gary Crittenden

_____
Gary Praznik

_____
Gregory Benson

_____
Neil White

_____
Thomas Kucera

_____
Vladimir Krin

_____
Jordan Lee

_____
Jill Frizzley

_____
Ivona Smith

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on
<u>Schedule 1</u>

_____

_____
Gary Crittenden

_____
Gary Praznik

_____
Gregory Benson

_____
Neil White

_____
Thomas Kucera

_____
Vladimir Krin

_____
Jordan Lee

_____
Jill Frizzley

_____
Ivona Smith

        IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

                                          Board of Directors of the Company listed on
                                          <u>Schedule 1</u>


                                          _____
                                          Gary Crittenden


                                          _____
                                          Gary Praznik


                                          _____
                                          Gregory Benson

                                          _____
                                          Neil White


                                          _____
                                          Thomas Kucera


                                          _____
                                          Vladimir Krin


                                          _____
                                          Jordan Lee


                                          _____
                                          Jill Frizzley


                                          _____
                                          Ivona Smith

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on Schedule 1

_____

Gary Crittenden

_____

Gary Praznik

_____

Gregory Benson

_____

Neil White

_____

Thomas Kucera

_____

Vladimir Krin

_____

Jordan Lee

_____

Jill Frizzley

_____

Ivona Smith

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on Schedule 1

_____

Gary Crittenden

_____

Gary Praznik

_____

Gregory Benson

_____

Neil White

_____

Thomas Kucera

_____

Vladimir Krin

_____

Jordan Lee

_____

Jill Frizzley

_____

Ivona Smith

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on Schedule 1

_____

Gary Crittenden

_____

Gary Praznik

_____

Gregory Benson

_____

Neil White

_____

Thomas Kucera

_____

Vladimir Krin

_____

Jordan Lee

_____

Jill Frizzley

_____

Ivona Smith

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Company listed on <u>Schedule 1</u>

_____
Gary Crittenden

_____
Gary Praznik

_____
Gregory Benson

_____
Neil White

_____
Thomas Kucera

_____
Vladimir Krin

_____
Jordan Lee

_____
Jill Frizzley

_____
Ivona Smith

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

IQOR HOLDINGS INC., being the Managing Member of the Company listed on <u>Schedule 2</u>

By: _____

Name:  Runa Rosenfield

Title:   General Counsel & Corporate Secretary

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Companies listed on <u>Schedule 3</u>

_____
Stephanie Schuitt

_____
Jeffrey Swedberg

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Companies listed on
<u>Schedule 3</u>

_____

Stephanie Schuitt

_____

Jeffrey Swedberg

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

IQOR US INC., being the Sole Member of each Company listed on <u>Schedule 4</u>

By: _____
Name: Stephanie Schuitt
Title:   President and Secretary

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

IQOR TEXAS HOLDINGS, LLC, being the General Partner of the Company listed on Schedule 5

By its Sole Member: IQOR US INC.

By:_____
Name: Stephanie Schuitt
Title:   President and Secretary

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

THE RECEIVABLE MANAGEMENT SERVICES LLC, being the Sole Member of the Company listed on <u>Schedule 6</u>

By: _Stephanie Schutt_____

Name: Stephanie Schutt

Title:   President and Secretary

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

TELMAR HOLDINGS I, INC., being the Sole
Member of the Company listed on <u>Schedule 7</u>

By:_____
Name:  Connie Long
Title:   President and Secretary

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

Board of Directors of the Company listed on Schedule 8

_____
Connie Long

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

RECEIVABLE MANAGEMENT SERVICES INTERNATIONAL, LLC, being the Sole Member of the Company listed on <u>Schedule 9</u>

By: _Stephanie Schutt_

Name: Stephanie Schutt

Title:   President and Secretary

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

CCT GROUP LIMITED, being the Sole Member of the Company listed on <u>Schedule 10</u>

By: _Stephanie Schuitt_

Name: Stephanie Schuitt

Title:   Director

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

IQOR NETHERLANDS C.V., being the Sole Member of the Company listed on <u>Schedule 11</u>

By its General Partner: IQOR US INC.

By: _____
Name: Stephanie Schutt
Title:   President and Secretary

[Signature Page to Omnibus Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

Manager of the Company listed on <u>Schedule 12</u>

_____
Connie Long

## Schedule 1

**Board of Directors:  Gary Crittenden, Gary Praznik, Gregory Benson, Neil White, Thomas Kucera, Vladimir Krin, Jordan Lee, Jill Frizzley, Ivona Smith**

| Company | Jurisdiction |
|---|---|
| iQor Holdings Inc. | Delaware |

## Schedule 2

**Manager: iQor Holdings Inc.**

| Company | Jurisdiction |
|---|---|
| iQor I LLC | Delaware |

## Schedule 3

**Board of Directors:  Stephanie Schuitt, Jeffrey Swedberg**

| Company | Jurisdiction |
|---|---|
| iQor US Inc. | Delaware |
| iQor Technologies Inc. | Delaware |
| RMS Canada Holding Corp. | Delaware |
| Cyber City Teleservices Marketing, Inc. | Delaware |

## Schedule 4

**Sole Member: iQor US Inc.**

| Company | Jurisdiction |
|---|---|
| Allied Interstate LLC | Minnesota |
| Collectech Systems LLC | California |
| First Contact LLC | Minnesota |
| iQor Holdings US LLC | Delaware |
| iQor MPC, LLC | Florida |
| iQor Texas Holdings, LLC | Florida |
| Receivables Management Services International, LLC | Delaware |
| Techfive, LLC | Delaware |

## Schedule 5

**General Partner: iQor Texas Holdings, LLC**

| Company | Jurisdiction |
|---|---|
| iQor of Texas, LP | Florida |

## Schedule 6

**Sole Member: The Receivable Management Services LLC**

| Company | Jurisdiction |
|---|---|
| Receivable Management Services - Recovery Division LLC | Delaware |

## Schedule 7

**Sole Member: Telmar Holdings I, Inc.**

| Company | Jurisdiction |
|---|---|
| Telmar Allied, LLC | Delaware |

## Schedule 8

**Board of Directors:  Connie Long**

| Company | Jurisdiction |
|---|---|
| Telmar Holdings I, Inc. | Delaware |
| THC Holdings, Inc. | Delaware |

## Schedule 9

**Sole Member: Receivable Management Services International, LLC**

| Company | Jurisdiction |
|---|---|
| The Receivable Management Services, LLC | Delaware |

## Schedule 10

**Sole Member: CCT Group Limited**

| Company | Jurisdiction |
|---|---|
| Interactive Response Technologies, LLC | Delaware |

## Schedule 11

**Sole Member: iQor Netherlands C.V.**

| Company | Jurisdiction |
|---|---|
| iQor Seller Services LLC | Delaware |

## Schedule 12

**Manager:  Connie Long**

| Company | Jurisdiction |
|---|---|
| iQor Global Services, LLC | Florida |
| Telmar Allied, LLC | Delaware |

## **Annex A**
### **Debtors**

1.  iQor Holdings Inc.
2.  iQor I LLC
3.  iQor US Inc.
4.  iQor Holdings US LLC
5.  First Contact LLC
6.  Receivable Management Services International, LLC
7.  Collectech Systems LLC
8.  iQor Technologies Inc.
9.  Allied Interstate LLC
10. The Receivable Management Services LLC
11. Receivable Management Services - Recovery Division, LLC
12. RMS Canada Holding Corp.
13. TechFive, LLC
14. Interactive Response Technologies, LLC
15. Cyber City Teleservices Marketing, Inc.
16. THC Holdings, Inc.
17. Telmar Holdings I, Inc.
18. Telmar Allied, LLC
19. iQor Global Services, LLC
20. iQor MPC, LLC
21. iQor Texas Holdings, LLC
22. iQor of Texas, LP
23. iQor Seller Services LLC